1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11   SASHA MINERVA CANU            Case No. 2:24-cv-01434-WLH-KS
     MIRANDA,
                                   **ORDER DENYING PLAINTIFF'S**
12                Plaintiff,       **MOTION FOR REMAND AND**
                                   **GRANTING LEAVE TO AMEND**
13   v.                            **DEFENDANT'S NOTICE OF**
                                   **REMOVAL [15]**
14   CATCH OF LA OPERATING
15   COMPANY LLC., a Delaware
     Corporation; and DOES 1 through 50;
16   inclusive,

17                Defendants.
18

19         This matter comes before the Court on Plaintiff Sasha Minerva Canu Miranda's

20   ("Plaintiff") Motion to Remand (the "Motion").  (Mot. to Remand, Docket No. 15).

21   Defendant Catch of LA Operating Company, LLC ("Defendant") filed its Opposition

22   to Plaintiff's Motion (the "Opposition").  (Opp'n., Docket No. 17).  Plaintiff

23   subsequently filed her Reply in Support of the Motion (the "Reply").  (Reply, Docket

24   No. 18).  This matter is fully briefed.

25         On May 17, 2024, the Court held a hearing and heard oral arguments from both

26   parties.

27         For the reasons discussed below, the Court **DENIES** Plaintiff's Motion without

28   prejudice and **GRANTS** Defendant leave to amend its Notice of Removal.

1    **I.    BACKGROUND**

2        **A. <u>Procedural Background</u>**

3        On January 19, 2024, Plaintiff filed this action in Los Angeles County Superior

4    Court ("LASC") against Defendant and Does 1 through 10.  (Parker Decl., Compl.,

5    Docket No. 3-1, Exh. 1).  The Complaint alleges the following causes of action for

6    various state law claims related to Plaintiff's alleged wrongful termination: (1)

7    disability discrimination in violation of California Government Code § 12940, *et seq*;

8    (2) failure to provide reasonable accommodation under California Government Code §

9    12940, *et seq*; (3) failure to engage in good faith interactive process under California

10   Government Code § 12940, *et seq*; (4) retaliation in violation of California

11   Government Code § 12940, *et seq*; and (5) wrongful termination in violation of public

12   policy.  (*See generally id.*).

13       On February 21, 2024, Defendant removed the case invoking this Court's

14   diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*See* Not. of Removal ("NOR"),

15   Docket No. 1).  Based on Defendant's state of incorporation and principal place of

16   business Defendant alleged that it is a foreign corporation headquartered in either

17   "Houston, Texas or New York City, New York" for purposes of diversity jurisdiction.

18   (*Id.* ¶ 13).

19       On March 28, 2024, Plaintiff filed the instant Motion seeking to remand this

20   matter to LASC.  (Docket No. 15).  Plaintiff also seeks attorneys' fees in the amount

21   of $10,125 for work related to the instant Motion.  (Decl. of Joshua M. Mohrsaz

22   ("Mohrsaz Decl."), Docket No. 15-1 ¶ 9).  Defendant filed its Opposition on April 26,

23   2024.  (Docket No. 17).  Subsequently, on May 1, 2024, Plaintiff filed her Reply.

24   (Docket No. 18).

25       **B. <u>Factual Background</u>**

26       Plaintiff is a resident of California who was formerly employed by Defendant in

27   Los Angeles County as a dishwasher from March 5, 2020, until on or about May

28

2

2021.[1]  (Docket No. 3-1 ¶ 1).  Defendant is a limited liability company incorporated in Delaware.  (*Id.* ¶ 2).  The parties dispute Defendant's citizenship for purposes of jurisdiction.  According to Plaintiff, a review of the California Secretary of State records indicates that Defendant's sole member and manager is an entity named Top Shelf, LLC.  (Mohrsaz Decl., Exh. B).  Plaintiff further contends that a review of the California Secretary of State records for the entity Top Shelf, LLC shows that its members are Angelo and Kathleen Orciuoli, who are both citizens of Palo Alto, California.  (*Id.*, Exh. C).  Conversely, Defendant contends that its members consist of a chain of eight entities--seven limited liability corporations and one corporation—starting with Top Shelf, LLC, a New York limited liability company and ending with a Texas corporation called Fertitta Entertainment, Inc., with a principal place of business in Texas.  (Decl. of Dashiell Kohlhausen ("Kohlhausen Decl."), Docket No. 17-2 ¶¶ 3–12).  Defendant thus claims that it is a citizen of Texas for jurisdiction purposes.

## II.    LEGAL STANDARD

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court.  *See* 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States."  *Id.*

Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist.

---

[1] There appears to be a discrepancy regarding Plaintiff's last date of employment with Defendant. While the Complaint alleges that Plaintiff's last date of employment with Defendant was in May 2021, the NOR and attached declarations state that Plaintiff's last date of employment was April 14, 2022. (*Compare* Compl., Docket No. 3-1 ¶ 1 *with* NOR, Docket No. 1 ¶ 22).  Because this is not relevant to the Court's analysis in the instant Motion, the Court will ignore this discrepancy.

1    *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).  The party seeking

2    removal bears the burden of establishing federal jurisdiction.  *Gaus v. Miles, Inc.*, 980

3    F.2d 564, 566 (9th Cir. 1992).  "If at any time before final judgment it appears that the

4    district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.

5    § 1447(c).

6    **III.   DISCUSSION**

7    **A. <u>Diversity of Citizenship</u>**

8            Plaintiff challenges the removal of this matter on the sole ground that

9    Defendant has not established diversity of citizenship between the parties.  Plaintiff

10   first argues that Defendant applied the wrong standard in its NOR to determine the

11   diversity of the parties.  Next, Plaintiff brings a factual challenge to Defendant's

12   citizenship and argues that based on a review of California Secretary of State

13   documents, Defendant is in fact a California resident.  The Court addresses both

14   arguments in turn.

15                   i.  *Establishing Diversity of Citizenship*

16           Plaintiff argues that Defendant's NOR erroneously applied the standard for

17   determining citizenship of corporations, and not limited liability corporations.  For

18   purposes of diversity jurisdiction, a corporation's principal place of business is

19   defined as the place "where a corporation's officers direct, control, and coordinate the

20   corporation's activities," i.e., "the corporation's 'nerve center.'"  *Hertz Corp. v.*

21   *Friend*, 559 U.S. 77, 92–93 (2010); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th

22   Cir. 2012) ("[A] principal place of business 'should normally be the place where the

23   corporation maintains its headquarters—provided that the headquarters is the actual

24   center of direction, control, and coordination…") (quoting *Hertz*, 559 U.S. at 92).

25   Conversely, limited liability corporations are treated "like a partnership," and as such

26   are "citizen[s] of every state of which its owners/members are citizens."  *Johnson v.*

27   *Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006).

28           Here, Defendant is alleged to be a limited liability corporation.  Plaintiff is

4

correct in that Defendant's NOR erroneously applies the standard for determining citizenship of corporations and alleges that jurisdictional diversity exists because Defendant was incorporated in Delaware and its principal place of business is in Texas.  (Docket No. 1 ¶¶ 13–14).  As such, the Court finds that Defendant failed to apply the appropriate standard, which would have required analyzing the citizenship of each of the limited liability corporation's members.

The Court's analysis does not end here, however.  A court may also consider supplemental evidence proffered by a removing defendant, which was not originally included in the NOR.  *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n.1 (9th Cir. 2002). Defendant's Opposition seeks to remedy the above-identified deficiency by providing a declaration from Dashiell Kohlhausen, deputy general counsel to Fertitta Entertainment, LLC—an entity affiliated with Defendant—attesting to Defendant's corporate structure.  (Kohlhausen Decl., Docket No. 17-2 ¶ 3).  Specifically, the declaration explains that Defendant's corporate structure is comprised of a series of related entities including seven limited liability corporations and one corporation starting with Top Shelf, LLC, a New York limited liability company and ending with a Texas corporation called Fertitta Entertainment, Inc. (*Id.* ¶¶ 3–12).  Defendant further alleges that because Fertitta Entertainment, LLC. is incorporated in Texas and has a principal place of business in Texas, for diversity purposes, Defendant is a Texas corporation.  (*Id.* at 5).

ii.  *Plaintiff's Factual Challenge*

Plaintiff presents a factual challenge to Defendant's purported foreign citizenship by submitting a declaration from its counsel, Joshua M. Mohrsaz, containing California Secretary of State filings, which indicate that Defendant is in fact a California citizen.  (Mohrsaz Decl. ¶ 5, Exhs. B–C).  The document states that Defendant's sole manager or member is an entity called Top Shelf Holdings, LLC. (*Id.*).  Plaintiff also provides a second Statement of Intention filing from the California Secretary of State for an entity called Top Shelf Holdings, LLC, which states that its

5

1   sole members are two individuals located in Palo Alto, California.  (*Id.*, Exh. C).

2   Based on these two filings, Plaintiff argues that Defendant is in fact a California

3   citizen and thus lacks diversity of citizenship.[2]  Plaintiff's attempt to rebut

4   Defendant's claimed foreign citizenship contains flawed logic and is unsupported by

5   the record.  Plaintiff assumes, without any support, that the California Secretary of

6   State filing for the entity Top Shelf Holding, LLC is the same entity as the Top Shelf

7   Holding, LLC entity listed in Defendant's filings.  The filing for Defendant's

8   company, however, lists on its Statement of Information that Top Shelf Holdings,

9   LLC has an address located in Texas, which is consistent with Defendant's contention

10  that the ultimate member for Top Shelf Holdings, LLC is Fertitta Entertainment, a

11  Texas corporation.  (Docket No. 15-1, Exh. B).

12      "When the plaintiffs' motion to remand raises a factual challenge by

13  'contest[ing] the truth of the [remover's] factual allegations, usually by introducing

14  evidence outside the pleadings,' however, the remover 'must support her jurisdictional

15  allegations with 'competent proof' ... under the same evidentiary standard that governs

16  in the summary judgment context.'"  *DeFiore v. SOC LLC*, 85 F.4th 546, 552–53 (9th

17  Cir. 2023) (citing *Leite v. Crane Co*., 749 F.3d 1117, 1121–22 (9th Cir. 2014)).  Rule

18  56, which governs motions for summary judgment provides that "[a]n affidavit or

19  declaration used to support or oppose a motion [for summary judgment] must be made

20  on personal knowledge [and] set out facts that would be admissible in evidence...."

21

22      [2] Plaintiff improperly seeks to admit extrinsic evidence—i.e., the California
23  Secretary of State filings—without first requesting judicial notice of these documents.
    Despite this misstep, the Court will *sua sponte* take judicial notice of these documents
24  as the documents are purportedly from the California Secretary of State's website,
    which is a government publication, part of the public record, and not subject to
25  reasonable dispute.  *See e.g. L'Garde, Inc. v. Raytheon Space & Airborne Sys*., 805 F.
26  Supp. 2d 932, 938 (C.D. Cal. 2011) ("[T]he accuracy of the results of records searches
    from the Secretary of State for the State of California corporate search website can be
27  determined by readily accessible resources whose accuracy cannot reasonably be
    questioned.").  Further, Defendant does not directly dispute the accuracy of these
28  records.

1   Fed. R. Civ. P. 56(c)(4).

2          Here, Defendant's declaration constitutes competent proof as it is a declaration

3   from corporate counsel for an entity that controls Defendant, made under oath and

4   based on the individual's personal knowledge of Defendant's affiliated entity's

5   corporate structure and filings.  *See, e.g. Morse v. G4S Secure Sols. (USA), Inc.,* No.

6   21-CV-413-CAB-BLM, 2021 WL 1625160, at *1 (S.D. Cal. Apr. 27, 2021) (finding

7   that a declaration from a human resources director stating that a defendant's

8   headquarters is in Jupiter, Florida was competent proof); *see also Petropolous v. FCA*

9   *US, LLC,* No. 17-CV-0398 W (KSC), 2017 WL 2889303, at *3 (S.D. Cal. July 7,

10  2017) (finding that a declaration from a senior in-house counsel regarding the

11  corporate structure of a parent company had sufficient foundation as the attorney

12  "knows under which laws his employer's sole member was incorporated" and was not

13  hearsay).

14         Plaintiff objects to Defendant's declaration as inadmissible hearsay and

15  improper under California Rule of Evidence § 412.[3]  (Docket No. 18 at 3).  The Court

16  overrules Plaintiff's objections.  Pursuant to the Federal Rules of Evidence 801(c),

17  hearsay "means a statement that: (1) the declarant does not make while testifying at

18  the current trial or hearing; and (2) a party offers in evidence to prove the truth of the

19  matter asserted in the statement."  Mr. Kohlhausen's statements regarding Defendant's

20  company structure are not hearsay and are instead based on personal knowledge

21  gained through Mr. Kohlhausen's role as deputy general counsel.  (Kohlhausen Decl.

22

23         [3] As to Cal. Evid. Code § 412, Plaintiff argues that Defendant's failure to
    provide any evidence to rebut Plaintiff's claims presumes that Defendant lacks any
24  evidence to support its claims.  Specifically, Cal. Evid. Code § 412 states, "[i]f weaker
    and less satisfactory evidence is offered when it was within the power of the party to
25  produce stronger and more satisfactory evidence, the evidence offered should be
    viewed with distrust."  Notably, Defendant did not provide any other evidence of
26  Defendant's corporate structure including the articles of incorporation or other filings,
    which would have aided in Defendant's jurisdictional allegations.  Nevertheless, the
27  Court finds that Mr. Kohlhausen's declaration is sufficient to establish jurisdiction for
    the instant Motion.
28

¶ 2).  The declaration explains that due to his position, Mr. Kohlhausen has "knowledge of [Defendant] and its affiliated entities corporate structure and fillings [sic]."  (*Id.*).  As to Plaintiff's objection under Cal. R. of Evid. § 412, the Court finds this unavailing.  Plaintiff fails to explain why California's evidentiary rules apply in the instant matter.  Notably, even at this phase of the proceedings, evidence that is not "presented in an admissible form in the context of a motion for summary judgment… but may be presented in an admissible form at trial, a court may still consider that evidence." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).  Accordingly, the Court **DENIES** Plaintiff's Motion because Defendant has provided competent evidence to establish that diversity of citizenship between the parties exists.

### B.   Amendment of NOR

While Defendant did apply the wrong standard in its NOR, Defendant argues that the proper remedy is not remand, but rather an amendment of its NOR.  (*Id.* at 6).  Plaintiff argues that Defendant should not be granted leave to amend its NOR to remedy this defect because it would allow Defendant to impermissibly change the entire basis of Defendant's diversity jurisdiction allegations.  (Docket No. 18 at 6–7).  Pursuant to 28 U.S.C. § 1446, a removing defendant may freely amend a notice of removal before the expiration of the initial thirty-day period.  *See, e.g. Smiley v. Citibank (S.Dakota), N .A.*, 863 F.Supp. 1156, 1158 (C.D.Cal.1993).  "After the first thirty days, however, the cases indicate that the petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished." *Id.* at 1159 (citing 14A C. Wright, A. Miller, E. Cooper, Federal Practice & Procedure § 3733 (2d ed.1985)).  "The majority of courts, for example, allow defendants to amend 'defective allegations of jurisdiction' in their notice as long as the initial notice of removal was timely filed and sets forth the same legal grounds for removal." *Id.* (citing *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir.1969) (permitting amendment of removal petition to cure inadequate

1   allegation of the citizenship of the defendant corporation)).

2          Here, Defendant timely removed this matter based on diversity jurisdiction but

3   misstated the citizenship of all of its members consistent with Ninth Circuit

4   requirements for diversity jurisdiction involving limited liability corporations.

5   Several cases in this district have similarly permitted defendants to amend their

6   removal allegations to cure similar defects.  *See, e.g., Luehrs v. Utah Home Fire Ins.*

7   *Co.,* 450 F.2d 452, 454 (9th Cir. 1971) (granting leave to amend removal petition,

8   where defendant corporation removed on the basis of diversity jurisdiction, but failed

9   to state plaintiff's state of citizenship and principal place of business); *Barrow Dev.*,

10  418 F.2d at 318 (allowing amendment where defendant corporation removed on the

11  basis of diversity jurisdiction and merely stated that it was a citizen of New York,

12  rather than disclosing its state of incorporation and principal place of business);

13  *London v. Standard Oil Co. of California*, 417 F.2d 820, 822 (9th Cir. 1969)

14  (permitting amendment of removal petition to cure inadequate allegation of the

15  citizenship of the defendant corporation).  Accordingly, the Court **GRANTS**

16  Defendant leave to amend its NOR.

17       **C. <u>Attorneys' Fees</u>**

18          In conjunction with his Motion for Remand, Plaintiff seeks attorneys' fees

19  pursuant to 28 U.S.C. § 1447(c).  Under 28 U.S.C. § 1447(c), "[a]n order remanding

20  the case may require payment of just costs and any actual expenses, including attorney

21  fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may

22  award attorney's fees under § 1447(c) only where the removing party lacked an

23  objectively reasonable basis for seeking removal.  Conversely, when an objectively

24  reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546

25  U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  Here, the Court has denied

26  Plaintiff's Motion, so it must deny Plaintiff's attorney's fees request as well.  *Cf.*

27  *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at

28  *13 (C.D. Cal. Nov. 19, 2014) ("Removal is not objectively unreasonable solely

1    because the removing party's arguments lack merit and the removal is ultimately

2    unsuccessful.") (internal quotation marks and citations omitted).  Accordingly, the

3    Court **DENIES** Plaintiff's request for attorneys' fees.

4    **IV.     CONCLUSION**

5           For the foregoing reasons, the Court **DENIES** Plaintiff's Motion without

6    prejudice and **GRANTS** leave for Defendant to amend its NOR.

7           **IT IS SO ORDERED.**

8

9    Dated:  May 17, 2024                 _____

10                                        HON. WESLEY L. HSU
                                          UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28